The Honorable Sarah S. Agee State Representative 11898 Sage Road Prairie Grove, AR 72753-0168
Dear Representative Agee:
This Attorney General opinion is issued in response to a question you have presented concerning the extraterritorial jurisdiction of cities.
You point out what you believe to be a conflict between Attorney General Opinion No. 99-274 and Attorney General Opinion No. 2001-132 with regard to the extraterritorial jurisdiction of cities (i.e., the "five mile growth area" in which cities are granted certain authority under A.C.A. § 14-56-413). Opinion No. 99-274 stated that cities have only "subdivision authority" in the five-mile growth area, whereas Opinion No. 2001-132 stated that cities can enact certain "police power" type ordinances for those areas.
Your question is:
 Please clarify the issue of the authority of cities in the five-mile growth area, taking into consideration the apparent conflict between Attorney General Opinions Nos. 99-274 and 2001-132.
RESPONSE
It is my opinion that there is no conflict between Opinion No. 99-274 and Opinion No. 2001-132.
Some confusion may have arisen out of a misunderstanding of the meaning of the term "subdivision authority." That term, as used both in Opinion No. 99-274 and in Opinion No. 2001-132, refers to the planning authority that is outlined in A.C.A. § 14-56-401 through -426 (i.e., the subchapter entitled "Municipal Planning").
The question that was being addressed in Opinion No. 99-274 did not necessitate a full discussion of the particular powers that are included in "subdivision authority." Rather, that opinion was focused on what is not included in subdivision authority. More specifically, the issue being discussed in Opinion No. 99-274 was the impact of cities' extraterritorial jurisdiction on the counties' authority with regard to county zoning and county roads. In stating that cities have subdivision authority only, Opinion No. 99-274 was making the point that cities cannot supersede the road authority that is constitutionally granted to county judges, nor does the cities' subdivision authority in the five-mile growth area include zoning authority. In making these points about what is not included in subdivision authority, it was not necessary for Opinion No. 99-274 to discuss the particular powers that are included in subdivision authority.
However, such a discussion was necessitated by the questions that were being addressed in Opinion No. 2001-132. As pointed out in Opinion No.2001-132, the authority that cities are granted in the five-mile growth area (i.e., "subdivision authority") are those planning powers that are outlined in A.C.A. § 14-56-401 et seq., the subchapter on municipal planning. Indeed, this fact is explicitly stated in A.C.A. § 14-56-413: "The territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of thecorporate limits." A.C.A. § 14-56-413(a)(1) (emphasis added). It is clear from this language that the powers outlined in the planning subchapter can be exercised by the city in the five-mile growth area. The powers outlined in the planning subchapter include various "police power" type ordinances, as explained in Opinion No. 2001-132. This conclusion in no way contradicts the conclusions reached in Opinion No. 99-274; it simply delves more deeply into the meaning of what constitutes "subdivision authority."
It should be noted that the areas of "planning" and "zoning" are sometimes vague and can overlap. Thus, it is conceivable that a city, exercising what it believes to be valid "planning" authority pursuant to A.C.A. § 14-56-401 et seq., could infringe upon a county's zoning or road authority.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh